http://www.va.gov/vetapp16/Files6/1644934.txt

Citation Nr: 1644934 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 15-08 196 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Winston-Salem, North Carolina

THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.

REPRESENTATION

Veteran represented by: Disabled American Veterans

WITNESS AT HEARING ON APPEAL

Veteran

ATTORNEY FOR THE BOARD

L. Silverblatt, Associate Counsel 
INTRODUCTION

The Veteran served on active duty in the United States Air Force from January 1960 to January 1964 and in the United States Army from August 1964 to July 1968. He also had Reserve service from January 1964 to August 1964 and from July 1968 to July 1982. The Veteran had combat service in the Republic of Vietnam and is the recipient of numerous medals, to include the Combat Infantryman Badge and the Distinguished Flying Cross. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2014 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Winston-Salem, North Carolina. 

The Veteran testified at a Travel Board hearing in July 2016 before the undersigned Veterans Law Judge. A transcript of the proceeding has been associated with the claims file. 

The Board notes that the Veteran requested a copy of the transcript, and subsequently submitted additional correspondence in regard to his hearing testimony. Upon review, it does not appear that the Veteran intended to raise a motion to amend the transcript, but rather merely to elaborate on matters he did not feel were sufficiently addressed therein.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran is seeking service connection for bilateral hearing loss and tinnitus disabilities. The Veteran served in the Republic of Vietnam, and his military occupational specialty was aircraft mechanic and helicopter pilot. The Veteran contends that he was exposed to acoustic trauma due to combat fire, projectiles, and helicopter engines, while wearing little or no hearing protection. 

In a VA audiological examination dated in August 2014, the examiner opined that neither the bilateral hearing loss nor tinnitus was related to service. The examiner reasoned that audiometric testing at separation of service in 1968 through 1975 indicated normal hearing with thresholds too low to show that there was any permanent significant shift in hearing or damage to the auditory system resulting from the Veteran's active duty service from 1960 to 1968. She noted that a shift in hearing and evidence of auditory damage occurred 10 years following his separation from service. Additionally, the examiner opined that the Veteran's tinnitus was at least as likely as not a symptom associated with his hearing loss. 

The Board notes that based on knowledge of service audiometric practice, it is assumed that service department audiometric tests prior to October 31, 1967, were in ASA (American Standard Association) units, and require conversion to ISO (International Organization for Standard) units. The ASA units generally assigned lower numeric scores to hearing loss than do the ISO units. Conversion to ISO units is accomplished by adding 15 decibels to the ASA units at 500 Hertz, 10 decibels to the ASA units at 1000 Hertz, 2000 Hertz, and 3000 Hertz, and 5 decibels to the ASA units at 4000 Hertz. 

The August 2014 VA examiner did not explicitly state if the Veteran's in-service audiometric testing in April 1964, April 1965, September 1966, and September 1967 was converted from ASA standards to ISO standards. Hensley v. Brown, 5 Vet. App. 157 (1993). In addition, although the military was generally using ISO standards on and after October 31, 1967, the Veteran's May 1968 separation examination specifically reflects that his scores were recorded using ASA standards. Thus, the results of this audiogram also appear to require conversion.

Additionally, the Board notes that the examiner failed to take into consideration the Veteran's reported acoustic trauma during his Reserve service from January 1964 to August 1964 and from July 1968 to July 1982. Service connection may be granted for disability resulting from disease or injury incurred in or aggravated while performing active duty for training (ACDUTRA). See 38 U.S.C.A. §§ 101 (22), 106(d), 1110, 1131; 38 C.F.R. § 3.6 (c), 3.303. As to inactive duty for training (INACDUTRA), service connection may be granted only for disability resulting from injury incurred in or aggravated while performing INACDUTRA, and not for disease. See 38 U.S.C.A. §§ 101 (22)-(24), 106(d), 1110, 1131; 38 C.F.R. § 3.6 (c), (d), 3.303. The Board finds that acoustic trauma is an injury; and, hence, a resulting hearing loss disability may be service-connected based on ACDUTRA or INACDUTRA. During his July 2016 hearing, the Veteran testified that his ACDUTRA flight duty took place two to three weekends per month and two weeks every summer. He testified that he was exposed to loud noise every day during such duty. 

Thus, the Board finds another VA audiological examination is warranted with an opinion as to the etiology of the Veteran's bilateral hearing loss with the proper conversion by the VA examiner to ISO standards for the appropriate audiograms to adequately address the Veteran's claims. See 38 U.S.C.A. § 5103A(d); 38 C.F.R. § 3.159(c)(4). Further, the examiner should review and specifically discuss the Veteran's assertions as to his in-service noise exposure, to include noise exposure during his Reserve service. As the examiner opined that the Veteran's tinnitus was secondary to his hearing loss, an addendum opinion on the etiology of the Veteran's tinnitus is also required.

Lastly, in the Veteran's July 2016 hearing, he testified that he is currently receiving treatment at VA in Kernersville, North Carolina. As such, outstanding VA treatment records from March 2014 to the present should be obtained, specifically to include treatment records from the Kernersville VA. 

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran, and, with his assistance, identify 
any outstanding records of pertinent medical treatment from VA or private health care providers. Obtain any relevant VA treatment records dated from March 2014 to the present, to include treatment records from the Kernersville VA. If VA attempts to obtain any outstanding records which are unavailable, the Veteran should be notified in accordance with 38 C.F.R. § 3.159(e).

2. After completing the above development, schedule 
 the Veteran for a VA audiological examination to 
 assess the etiology of his currently diagnosed bilateral
 hearing loss and tinnitus disabilities. The claims folder, including a copy of this remand, must be made available to the examiner, and the examiner must review the entire claims file in conjunction with the examination. 

The examiner should provide an opinion, with supporting clinical rationale, as to whether the Veteran's current hearing loss and tinnitus disabilities are at least as likely as not (i.e. a 50 percent or greater probability) caused by, or otherwise related to his active duty service, to include any acoustic trauma during his Reserve service from January 1964 to August 1964 and from July 1968 to July 1982. 

The examiner should assume for the purposes of this opinion that in-service acoustic trauma did in fact occur during the Veteran's service, as he so describes. The examiner should consider the Veteran's combat duty in the Republic of Vietnam, where his helicopter was subject to heavy gunfire and mortar attacks. Additionally, the examiner should consider the Veteran's reported noise exposure during his Reserve service from January 1964 to August 1964 and from July 1968 to July 1982. The examiner should specifically inquire about the duration of the trainings and the amount of noise exposure experienced by the Veteran during the trainings.

The examiner must consider the conversion from ASA to ISO standards for each of the Veteran's in-service audiograms which predated October 31, 1967; specifically, audiometric testing from April 1964, April 1965, September 1966, and September 1967 should be converted from ASA to ISO standards. In addition, it appears that the audiometric testing conducted for separation in May 1968 are noted as having been obtained using ASA standards, and thus require conversion as well.

The examiner should consider and adequately address any in-service shifts in the Veteran's hearing loss between his induction into active duty service in 1960 and his separation from the Reserves in 1982. 

A clear rationale for all opinions must be provided, and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. 

If, after a review of the record, an opinion on 
causation is not possible without resort to speculation, 
the VA examiner is asked to clarify whether an 
opinion on causation is beyond what may be 
reasonably concluded based on the evidence of record, 
considering current medical knowledge. Any 
additional development that would facilitate rendering 
the opinion should be specified.

The examiner is advised that the Veteran is competent to report his symptoms and history, and such reports, including those of continuity of symptomatology, must be acknowledged and considered in formulating any opinion. If the examiner rejects the Veteran's reports, the examiner must provide a reason for doing so.

3. After the above development has been completed, 
 adjudicate the claims. If any benefit sought remains 
 denied, furnish the Veteran and his representative a 
 supplemental statement of the case and return the case 
 to the Board.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).